# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY BATES, SR. (#129842)** | **CIVIL ACTION** |
| **VERSUS** | |
| **JAMES LeBLANC, SECRETARY, ET AL.** | **NO. 14-0458-SDD-RLB** |

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on December 30, 2014.

                                       **RICHARD L. BOURGEOIS, JR.**
                                       **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LARRY BATES, SR. (#129842)**                                    **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, SECRETARY, ET AL.**                              **NO. 14-0458-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Burl Cain, Ass't Warden Lesley Dupont, Lt. Roblin and Officer Young, complaining that his constitutional rights were violated in connection with disciplinary charges levied against him in June, 2013, and in connection with the subsequent handling of his disciplinary appeal and an associated administrative grievance.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*,

157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that, as a result of unspecified disciplinary charges levied against him by defendant Officer Young in June, 2013, he was found guilty and sentenced to a loss of trustee status, to a change in his job assignment and living quarters, to a loss of hobbyshop privileges, and to an 8-week loss of canteen privileges. The plaintiff asserts that the referenced disciplinary charges were false and that defendant Young failed to provide the plaintiff with a copy of the disciplinary write-up in violation of prison rules. The plaintiff asserts that he thereafter appealed the referenced disciplinary sentence but, after not receiving an appeal decision by November 22, 2013, he filed an administrative grievance complaining of the mishandling of his disciplinary appeal. Finally, the plaintiff asserts that on March 12, 2014, he received a response to the referenced administrative grievance, advising him that (1) notice had been sent to him in August, 2013, advising that the resolution of his disciplinary appeal had been delayed and (2) the disciplinary appeal had thereafter been denied by defendant Warden Burl Cain on January 31, 2014. The plaintiff complains that he never received the notice of August, 2013, and he requests a polygraph test to establish the truth of this assertion. Further, he complains regarding the defendants' delays in handling the referenced disciplinary appeal and administrative grievance, and he asserts that these delays justify the entry of a default judgment in his favor in connection with the disciplinary appeal, as well as monetary damages for the

defendants' alleged wrongful conduct.

The plaintiff's Complaint fails to state any federal constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States. Initially, whereas the plaintiff complains of the issuance of alleged false disciplinary charges by defendant Young in June, 2013, and of the defendant's failure to provide him with a copy of the disciplinary write-up(s), the law is clear that the mere issuance of one or more false disciplinary reports and the imposition of resulting punishment, without more, does not amount to a constitutional violation. *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984). Moreover, the United States Supreme Court has concluded that the procedures attendant to prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment has subjected an inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). The *Sandin* Court found that a disciplinary sentence of a quarters change to segregated confinement was not so atypical as to give rise to a claim of the violation of procedural due process. *Id.* This Court similarly concludes that the plaintiff's disciplinary punishment in this case, a change of custody status, job and housing assignment, coupled with a loss of hobbyshop privileges and an 8-week loss of canteen privileges did not result in such an atypical and significant deprivation as to support a due process claim. *See Lewis v. Dretke,* 54 Fed. Appx. 795 (5th Cir. 2002) (finding that an inmate's loss of trustee status and other deprivations resulting from allegedly false disciplinary charges did not present "an atypical or significant hardship"); *Day v. Lensing*, 48 Fed. Appx. 105 (5th Cir. 2002) (same); *Marx v. Stephens*, 2014 WL 6453610, *3 (S.D. Tex. Nov. 17, 2014) (same). Thus, the plaintiff

may not be heard to complain regarding the alleged false disciplinary charges issued by defendant Young or regarding any asserted procedural deficiencies occurring in connection therewith.

In addition, the plaintiff complains regarding the subsequent handling of his disciplinary appeal proceedings and administrative grievance, and the alleged inordinate delays attendant thereto. However, an inmate does not have a claim cognizable in this Court relative to the denial or mishandling of prison disciplinary or administrative proceedings. Specifically, the plaintiff does not have a constitutional right to have such claims properly investigated, handled, or favorably resolved, *Mahogany v. Miller*, 252 Fed. Appx. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Id.* at 373-74. This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds*, 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a 'proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); *Jackson v. Mizell*, 2009 WL 1792774, *7 n. 11 (E.D. La. June 23, 2009), *affirmed*, 361 Fed. Appx. 622 (5th Cir. 2010) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation"). Accordingly, the plaintiff's claims relative to the handling and/or denials of his disciplinary appeal and administrative grievance are without legal

or factual foundation and should be dismissed.¹

RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.²

Signed in Baton Rouge, Louisiana, on December 30, 2014.

  _____
  **RICHARD L. BOURGEOIS, JR.**
  **UNITED STATES MAGISTRATE JUDGE**

---

1. To the extent that the plaintiff complains of the defendants' failure to allow him to take a lie detector test to prove that the referenced disciplinary reports were unfounded, there is no recognized right of an inmate to compel state officials to allow him to take a lie detector test. *See Thompson v. Flaherty*, 2010 WL 3667013, *2 (S.D. Ohio, Sept. 14, 2010), and cases cited therein. Similarly, although the plaintiff complains that prison officials are not properly trained and/or supervised in the application and handling of inmates' administrative proceedings and disciplinary appeals, this assertion does not state a constitutional violation because inmates are not constitutionally entitled to any particular administrative or disciplinary procedures and thus may not complain regarding the manner in which those procedures are implemented. *See Geiger v. Jowers, supra.*

2. The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."